Chen v. Holder

BIA
LaForest, IJ
A089 253 557

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

JIAN ZHONG CHEN,
> *Petitioner*,

v.                                              12-602
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Peter D. Lobel, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Terri J. Scadron,
                       Assistant Director; Hillel R. Smith,
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Zhong Chen, a native and citizen of the People's Republic of China, seeks review of a January 19, 2012, order of the BIA, affirming the September 23, 2009, decision of Immigration Judge ("IJ") Brigitte LaForest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Zhong Chen*, No. A089 253 557 (B.I.A. Jan. 19, 2012), *aff'g* No. A089 253 557 (Immig. Ct. N.Y. City Sept. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review both the BIA's and the IJ's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's legal conclusions de novo and uphold its factual findings "if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must show that he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A). Where, as here, an asylum application is governed by the REAL ID Act, the agency may, after considering the totality of the circumstances, base an adverse credibility finding on the applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's determination that Chen did not testify credibly regarding his family planning claim, and that determination formed an adequate basis for denying relief.  "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (internal quotation marks omitted).  In finding Chen not credible, the agency reasonably relied on multiple

3

discrepancies both within Chen's testimony and between Chen's testimony and other evidence in the record.

For example, Chen's testimony regarding his second daughter's birthplace did not comport with the information on her birth certificate.  Chen conceded that the birth certificate was fake. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (noting that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

Additionally, there were inconsistencies between Chen's testimony and a letter from his wife describing an alleged May 2004 assault by Chinese family planning officials. Contrary to Chen's argument, the agency was not required to find that a medical record he submitted rehabilitated his testimony about the assault, as the report confirmed an injury but provided no information about the motive behind the attack or the identity of the individuals who perpetrated it.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that a failure to corroborate, and thereby rehabilitate, testimony that has been called

4

into question can bear negatively on an applicant's credibility).

Chen also failed to provide a consistent account of the circumstances surrounding his alleged escape from detention in May 2005, as well as when and where his wife was in hiding following that escape. Finally, Chen's testimony that he was in hiding continuously from May 2005 until March 2007 is undermined by a residence identification card that was issued to him in April 2006.

The agency reasonably concluded that Chen failed to provide compelling explanations for these discrepancies. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). Chen claims that he suffers from a medical condition that impairs his memory and renders him incapable of providing clear and consistent testimony, but the medical record he submitted to support that claim indicates only that Chen received treatment for upper back and knee pain in May 2004. Accordingly, because a reasonable fact-finder would not be

compelled to excuse the many discrepancies in Chen's testimony, the agency's adverse credibility determination is supported by substantial evidence. *See Biao Yang*, 496 F.3d at 273.

Chen contends that his claim of a well-founded fear of future persecution is not precluded by the adverse credibility finding. This argument is without merit, as the only asserted basis for such a fear is the past persecution he allegedly suffered for violating China's family planning policy. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) ("[A]n applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible*.").

Therefore, the agency's denial of asylum was not erroneous. Nor was its denial of withholding of removal and CAT relief. A withholding claim is precluded when it is "based on the very fact, or set of facts, that the IJ found not to be credible" with respect to an asylum claim. *Id*. at 156 (withholding of removal). Similarly, a CAT claim fails where the agency has made an "affirmable finding" that a set

6

of facts supporting "the only potentially valid basis" for the claim have not been established. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Because all three of Chen's claims share the same factual predicate, denial of each was supported by the agency's adverse credibility finding.

For the foregoing reasons, the petition for review is DENIED. Chen's pending motion for a stay of removal is DENIED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk